UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**Octavius Nesbitt Wilkins,**
*Plaintiff,*

v.

**Keyonna Turnage,**
*Defendant.*



FILED BY ___PCS___ D.C.
OCT 08 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**Case No.:**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, HARASSMENT, AND VIOLATION OF RIGHT OF PUBLICITY

Plaintiff, Octavius Nesbitt Wilkins ("Plaintiff"), hereby files this Complaint against Keyonna Turnage ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., harassment, and violation of the right of publicity under Florida and Pennsylvania law.
2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).
3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this district.
4. The Defendant operates a monetized YouTube channel, conducting business that reaches into Florida, thereby establishing personal jurisdiction over the Defendant in this district.
5. The Defendant's actions violated Plaintiff's rights under Florida law, where YouTube operates and where Plaintiff resides, making it fair and just for this matter to be adjudicated in Palm Beach County.
6. Defendant's actions also violated Pennsylvania law, where Defendant resides, further establishing the appropriateness of this court's jurisdiction.

## PARTIES

7. Plaintiff, Octavius Nesbitt Wilkins, is an individual residing in West Palm Beach, Palm Beach County, Florida.
8. Upon information and belief, Defendant, Keyonna Turnage, is an individual residing at 120 S Chestnut Street, Nanticoke, Pennsylvania 18634.

## FACTUAL BACKGROUND

9. Plaintiff is the owner of the copyright in the image used as his profile picture on YouTube.
10. Defendant has used Plaintiff's copyrighted image without authorization for the purpose of harassment.
11. Defendant's use of Plaintiff's image includes derogatory depictions and false statements, which do not qualify as fair use.
12. Plaintiff has previously filed copyright claims against Defendant, resulting in the suspension of Defendant's YouTube channel.
13. Defendant has continued to use Plaintiff's images and has uploaded videos to YouTube under the display name " 🔱 D Dirty2 📦 TRUTH SECTOR" (URL: http://www.youtube.com/watch?v=-xPlUTVypoU).
14. Defendant previously operated a troll page under the name "OCTOPUSSYPRIME69" (URL: https://www.youtube.com/@OCTOPUSSYPRIME69), which was deleted due to community guidelines and multiple copyright strikes filed by Plaintiff.
15. Defendant used AI-generated images to depict Plaintiff in a false light, causing significant emotional distress and reputational harm.
16. Plaintiff has evidence, including recordings and email addresses, linking Defendant to the infringing activities.
17. Plaintiff has incurred significant time and effort in addressing these claims and seeks compensation for these efforts.
18. Plaintiff's images are not registered with the U.S. Copyright Office at the time of filing this complaint.
19. Specific URLs and claims include:

- Original URL: https://www.youtube.com/watch?v=XGNW7bE1EZA
- Infringing URL: https://yt3.googleusercontent.com/R45lsh9XW96F55tGril04rTBo0kOlYB_mCFnW2olW4Lsiy4g-P2Ri0oNGpL2LhzsmI3zYuMBZOw=s160-c-k-c0x00ffffff-no-rj
- Infringing Community Wall Post URLs:
    o https://www.youtube.com/post/Ugkx7Sca1zSM0DrI6L1YNHmD__E72AKCGlZ7
    o https://www.youtube.com/post/UgkxlOTRT3D04q_9m6BWkvbCljBYztnCrONC
    o https://www.youtube.com/post/UgkxhVzIfqdW_Q9JgPyXEv3oJfgAvCVXZfaz
- Additional Infringing URL: https://www.youtube.com/watch?v=e6FlIPlrK2Y
- Specific Infringing Video Segment: http://www.youtube.com/watch?v=-xPlUTVypoU (8:36 to 8:54)

## LEGAL ARGUMENT

20. Defendant's unauthorized use of Plaintiff's copyrighted image constitutes copyright infringement under 17 U.S.C. § 501. In *Greer v. Moon*, the Tenth Circuit held that a plaintiff's pro se complaint adequately alleged facts demonstrating that the defendants had knowingly induced, encouraged, and materially contributed to direct infringements, sufficient to survive a motion to dismiss.
21. Defendant's use of Plaintiff's image does not qualify as fair use because it was not transformative, did not provide any commentary, criticism, or educational value, and was

used solely for harassment and defamation. In *Williams v. Gaye*, the Ninth Circuit affirmed that copyright protection extends broadly to original works and that unauthorized use that does not transform the original work or add new expression is not protected under fair use.

22. Defendant did not give credit to Plaintiff or cite Plaintiff's website in a positive light, further undermining any claim of fair use.
23. Defendant's actions have caused significant emotional distress and reputational harm to Plaintiff, constituting harassment under applicable state and federal laws.
24. Defendant's actions also violate Plaintiff's right of publicity under Florida law, which protects against unauthorized commercial use of a person's name, portrait, photograph, or likeness (Fla. Stat. Ann. § 540.08).
25. Under Pennsylvania law, the right of publicity prohibits the unauthorized commercial use of a person's name, image, or likeness without compensation (42 Pa. Cons. Stat. § 8316).
26. Defendant's monetized YouTube channel further establishes that the use of Plaintiff's image was for commercial purposes, and Plaintiff was not compensated in any positive way, either reputationally or monetarily.
27. Defendant's actions violated both Florida and Pennsylvania laws, and because YouTube operates in Florida, where Plaintiff resides, it is fair and just for this matter to be adjudicated in Palm Beach County.
28. In *Reed Elsevier, Inc. v. Muchnick*, the Supreme Court held that the registration requirement for copyright claims is a precondition to filing a lawsuit but does not restrict a federal court's subject-matter jurisdiction over infringement claims involving unregistered works. This supports the court's jurisdiction over Plaintiff's claims despite the lack of registration.
29. In *Walden v. Fiore*, the Supreme Court emphasized that specific jurisdiction is appropriate when the defendant's actions are purposefully directed at the forum state. Defendant's monetized YouTube activities, which target and impact Florida residents, establish sufficient contacts for this court to exercise personal jurisdiction.
30. Defendant's counter notification to YouTube falsely claimed ownership of Plaintiff's image and swore under penalty of perjury that the content was original. This constitutes perjury under 18 U.S.C. § 1621, which criminalizes false statements made under oath.
31. The Defendant's false statement under penalty of perjury further undermines any defense of fair use and demonstrates a willful intent to deceive and infringe upon Plaintiff's rights.
32. The infringing video (URL: http://www.youtube.com/watch?v=-xPlUTVypoU) shows Plaintiff's image from 8:36 to 8:54 without consent. The video includes Plaintiff's community wall and profile picture, clearly identifying Plaintiff. The same profile picture is used in a thumbnail on Plaintiff's channel from April 5, 2024, titled "Marcus and Sunnyi From ATLANTA STREET INTERVIEWS brings a Proclaim Pedophile to the #STREETSECTOR" (https://www.youtube.com/watch?v=BvLJ657Qn20&t=2658s), providing proof of ownership and identity.
33. Plaintiff has filed multiple privacy complaints on the troll channel operated by Defendant. The Defendant's use of AI-generated images violated YouTube's policy on using others' images without consent. Some of these images depicted Plaintiff in a false and defamatory manner, including as an adult male-on-male entertainer, a lifestyle Plaintiff does not participate in.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declaring that Defendant has infringed Plaintiff's copyright;

B. Awarding Plaintiff actual damages and any profits of Defendant attributable to the infringement;

C. Awarding Plaintiff his costs and any allowable fees;

D. Granting a preliminary and permanent injunction restraining Defendant from using Plaintiff's copyrighted image and likeness, including the URL http://www.youtube.com/watch?v=-xPlUTVypoU;

E. Granting Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 8, 2024

Palm Beach County, Florida.

Respectfully submitted,

Octavius Nesbitt Wilkins